**WEISBERG LAW**
Matthew B. Weisberg, Esquire
Attorney ID No.: 01565-2000
David A. Berlin, Esquire
Attorney ID No.: 02867-2012
7 S. Morton Avenue
Morton, PA 19070
(610) 690-0801
(610) 690-0880 – Fax
mweisberg@weisberglawoffices.com
dberlin@weisberglawoffices.com

**SCHAFKOPF LAW, LLC**
Gary Schafkopf, Esquire
Attorney Id. No.: 01224-2000
11 Bala Ave
Bala Cynwyd PA 19004
(610) 664-5200 Ext 104
(888) 283-1334-Fax
gary@schaflaw.com

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| **JOHNNIE BEMBRY** <br> 307 Atlantic Ave. Apt. C5 <br> Egg Harbor, NJ 08215 | : <br> : <br> : <br> : | CAMDEN COUNTY <br> LAW DIVISION |
| Plaintiff, <br> v. | : <br> : <br> : | No. |
| **CHERRY, FEIGER & CHERRY, P.C d/b/a THE CHERRY FIRM, P.C.** <br> 11 East Second Street <br> Media, PA 19063 | : <br> : <br> : <br> : | JURY TRIAL OF TWELVE (12) JURORS DEMANDED |
| And | : <br> : | CIVIL ACTION COMPLAINT |
| **THOMAS J. FIEGER JR, ESQUIRE** <br> 1703 Towne Drive <br> West Chester, PA 19380 <br> Defendants. | : <br> : <br> : <br> : | |

I. **Parties**

1. Plaintiff, Johnnie Bembry, is an adult individual currently residing at the above captioned address.

2. Defendant, Thomas J, Fieger Jr., ("Fieger") Esquire, is a Pennsylvania licensed attorney. At all times material, Thomas Feiger was a licensed attorney at the Defendant law firm, Cherry, Feiger, and Cherry.P.C., at the above-captioned address. Plaintiff is asserting a professional liability claim against all Defendants.

**II.     Jurisdiction and Venue**

3. The cause of action giving rise to the complaint occurred in Camden County, New Jersey.

4. Defendants knowingly subjected themselves to the jurisdiction of Camden County, New Jersey.

5. Jurisdiction and venue are therefore proper for this action in Camden County, New Jersey.

**III.    Operative Facts**

6. Around 2017, Plaintiff, Johnnie Bembry, was involved in a motor vehicle accident in which a separate vehicle crashed into the back side of Plaintiff's vehicle at a speed of 90 miles per hour.

7. As a direct and proximate result of this driver consciously disregarding Plaintiff, Johnnie Bembry's safety, Plaintiff was left with injuries to his back, neck, and shoulder including bruises and torn muscles. The resulting injuries have caused consistent shoulder pain and issues with Plaintiff's knees resulting in difficulty walking that is still present today.

8. Plaintiff retained Defendants to represent Plaintiff regarding the aforesaid motor vehicle personal injury action.

9. Plaintiff also inquired about whether Defendant, Fieger was licensed to practice law in New Jersey as this was where Plaintiff wanted the case to be brought. Defendant promptly informed Plaintiff that he was licensed to practice law in New Jersey.

10. Early on in the parties' attorney-client relationship, Defendant Fieger corresponded with Plaintiff after receiving documents related to Plaintiff's case. Additionally,

Defendant informed Plaintiff in writing that he was working on the case, and that the case was progressing.

11. Plaintiff, Johnnie Bembry, eventually stated to Defendant, Fieger that the current medical practice he was receiving his treatments from was making the pain in his back, neck, and shoulders worse. Defendant subsequently located Dr. Beatie for Plaintiff and helped set him up for treatment with Dr. Beatie.

12. The treatment required Plaintiff, Johnnie Bembry, to get cortisone shots in his neck, back, knee, and shoulders on a consistent basis in order to alleviate the pain the injuries constantly caused to Plaintiff.

13. During several treatment sessions, Dr. Beatie inquired about Plaintiff's case to see how it was progressing. This led Plaintiff to check in on the status of the personal injury action in which Plaintiff could not get a straight answer from Defendant, Fieger about the status. Defendant simply stated to Plaintiff that, "the case was like wine and would get better with time".

14. After Dr. Beatie inquired about the status the case, Defendant Fieger informed Plaintiff, Johnnie Bembry that he should no longer see Dr. Beatie for treatment.

15. Around 2020, Plaintiff continually attempted to contact Defendant, Fieger again to check on the status of the personal injury action. However, Defendant never answered any attempt at communication about the case, except for one communication in which Defendant informed Plaintiff that he would be unreachable for a period of time due to a vacation.

16. In 2020, Plaintiff was able to contact Defendant, Fieger by phone. During this call Defendant said that he did not know what to tell Plaintiff, but that he would try and reconcile the issues with the case.

17. Plaintiff later met with Defendant, Fieger on two different occasions in which Plaintiff asked for a letter from Defendant to give to Dr. Beatie, describing the status of the case, to resume medical treatment for his injuries. However, Defendant never drafted or sent a letter on Plaintiff's behalf to Dr. Beatie.

18. Defendant Fieger also informed Plaintiff that no one would be in the firm's office due to Covid-19. However, Plaintiff called on one occasion and another member of the firm picked up the phone, thus confirming that the members of Defendant Cherry, Fieger & Cherry were actually in the office when Plaintiff attempted to communicate.

19. Due to lack of communication by Defendant, Fieger, Plaintiff eventually reached out to Defendant's wife to see if Defendant was licensed to practice in New Jersey.

20. Plaintiff also attempted to contact Defendant, Fieger for the personal injury action's docket number to check the status of the case, but again, Defendant never returned any attempted communication by Plaintiff.

21. Plaintiff eventually located the docket number on his own. Upon searching for the status of the case, Plaintiff realized that the case had been dismissed. However, on the few occurrences in which Defendant communicated with Plaintiff, he informed Plaintiff that the case was ongoing.

22. After Plaintiff also discovered Defendant, Fieger was not licensed in New Jersey, Defendant then attempted to claim having informed Plaintiff that he was not

licensed to practice law in New Jersey at the outset of their attorney-client relationship.

23. After Defendant, Fieger learned that Plaintiff was aware that the personal injury action had been dismissed and that Defendant was not licensed to practice in New Jersey, Defendant never returned any attempt at communication made by Plaintiff.

24. Plaintiff contacted a separate attorney to have a letter sent to Dr. Beatie stating that this attorney now represented Plaintiff and to inform him of the situation to receive further pain management treatment. However, Dr. Beatie informed Plaintiff that this letter was not enough to resume treatment. Therefore, Plaintiff still attends work each week despite suffering through neck, back, knees, and shoulder pain, as well as, walking issues without receiving any form of medical treatment for his injuries.

## COUNT I
## LEGAL MALPRACTICE/ SIMPLE NEGLIGENCE/ PROFESSIONAL NEGLIGENCE

25. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

26. At all times material, Defendants breached their duty of care to Plaintiff, acting negligently, recklessly, and carelessly, and in the following regards, respectively:

    a. Defendants misrepresented his ability to practice law in New Jersey.

    b. Defendants misrepresented to Plaintiff that the case was progressing leading to Plaintiff's inability to receive medical treatment.

    c. Defendants failed to communicate on numerous occassions with Plaintiff.

    d. Defendants failed to prosecute Plaintiff's case, causing the case to be dismissed.

    e. Defendants failed to act in the best interest of Plaintiff.

  f. Defendants failed to provide appropriate and necessary legal advice and services.

  g. Other conduct that deviated from the applicable standard of care.

27. As set forth above and at all times material, Defendants failed to possess and/or exercise the ordinary skill, knowledge and care normally possessed and exercised by members of good standing in the legal profession.

28. As a direct and proximate result of Defendants' negligence, carelessness and recklessness, Plaintiff suffered actual loss.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifteen thousand dollars ($15,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT II
## BREACH OF CONTRACT/ COVENANT OF GOOD FAITH AND FAIR DEALING

29. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

30. Defendants' aforementioned conduct constitutes a breach of the fee and other agreements, and the covenant of good faith and fair dealing, express, implied, and as a matter of law.

31. As a direct and proximate result of the aforesaid breach of the agreement, Plaintiff has been damaged as set forth above.

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifteen thousand dollars ($15,000.00), including punitive damages, and further relief as this Honorable Court deems

necessary and just, including attorney's fees and costs.

## COUNT III
## BREACH OF FIDUCIARY DUTY

32. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

33. Plaintiff and Defendants were in a fiduciary relationship.

34. Defendants' aforementioned conduct constitutes a breach of that fiduciary relationship.

35. As a direct and proximate result of the aforesaid breach of fiduciary duty, Plaintiff has been damaged (as set forth above).

WHEREFORE, Plaintiff demands judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifteen thousand dollars ($15,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## COUNT IV
## BREACH OF CONTRACT

36. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

37. Plaintiff and Defendants entered into a contract for legal services.

38. Defendants' aforementioned conduct constitutes a breach (express, implied, or as a matter of law) of that agreement to provide competent and effective legal services, as well as a breach of the covenant of good faith and fair dealing.

39. As a direct and proximate cause of the aforesaid (incorporated by reference), Plaintiff has been damaged (as set forth above).

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants, individually, jointly and/or severally, in an amount in excess of fifteen thousand dollars ($15,000.00), including punitive damages, and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

## CERTIFICATION

DAVID A. BERLIN, ESQUIRE, of full age, certifies:

1. I am a member of the firm of Weisberg Law and I am entrusted with the preparation and trial of this case.

2. This case is not the subject of any other court action or arbitration proceeding.

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates David A. Berlin, Esquire, as trial counsel with regard to the above matter.

## JURY TRIAL DEMAND

Plaintiff hereby demands a Jury Trial of Twelve (12) Jurors.

Respectfully Submitted,

WEISBERG LAW

BY: /s/ Matthew Weisberg
MATTHEW B. WEISBERG, ESQ
DAVID BERLIN, ESQ

DATED: 1-26-22

SCHHAFKOPF LAW, LLC

BY: /s/Gary Schafkopf
GARY SCHAFKOPF, ESQ.

DATED: 1-26-22

# Civil Case Information Statement

## Case Details: CAMDEN | Civil Part Docket# L-000221-22

**Case Caption:** BEMBRY JOHNNIE VS CHERRY, FEIGER & CHE RRY
**Case Initiation Date:** 01/26/2022
**Attorney Name:** GARY SCHAFKOPF
**Firm Name:** SCHAFKOPF LAW, LLC
**Address:** 11 BALA AVE
BALA CYNWYD PA 190043201
**Phone:** 6106645200
**Name of Party:** PLAINTIFF : Bembry, Johnnie
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** PROFESSIONAL MALPRACTICE
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** YES
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Johnnie Bembry?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Other(explain)   ATTORNEY/CLIENT

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/26/2022                                                                                                          /s/ GARY SCHAFKOPF
Dated                                                                                                                               Signed